**Brandon Vasquez FLORES, a/k/a Brandon Vasquez, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 13–95–539–CR.

Court of Appeals of Texas, Corpus Christi.

Nov. 8, 1996.

Fred Jimenez, Ricardo R. Amador, II, Corpus Christi, for appellant.

David H. Aken, Jr., County Attorney, Sinton, for appellee.

Before SEERDEN, C.J., and DORSEY and CHAVEZ, JJ.

**OPINION**

SEERDEN, Chief Justice.

In a bench trial, appellant was found guilty of unlawfully possessing a prohibited weapon. The trial judge assessed punishment at 60 days in the county jail. By a single point of error, appellant contends that the evidence is insufficient to support the verdict. We disagree and affirm the trial court's judgment.

The information alleged that appellant intentionally, knowingly, or recklessly carried on and about his person an illegal weapon, to-wit: knuckles. *See* TEX. PENAL CODE ANN. § 46.05(a)(6) (Vernon 1994).

Appellant contends that the instrument in question is not "knuckles" as defined by the Penal Code. "Knuckles" means any instrument that consists of finger rings or guards made of a hard substance and that is de-

signed, made, or adapted for the purpose of inflicting serious bodily injury or death by striking a person with a fist enclosed in the knuckles. TEX. PENAL CODE ANN. § 46.01(8) (Vernon 1994).

The instrument has a primary metal rod with two parallel metal prongs which protrude out of one side of the rod at ninety degree angles. A person could place the primary metal rod in his palm and make a fist so that the two metal prongs extend out of his palm between his .fingers. In his appellate brief, appellant describes the instrument as a "self-defense martial arts device" and "ninja key ring."

Appellant's specific complaint is that the instrument does not have finger rings or guards and, therefore, is not "knuckles." We agree that the instrument does not have "finger rings." But, we disagree with appellant's claim that the instrument does not have finger guards. The instrument has two protruding prongs which are made of a hard substance. These two protruding metal prongs can guard the fingers, much like quills guard the soft tissue of a porcupine. While the prongs do not enclose the fingers as rings would, they certainly guard the fingers. Below is a copy of the device in question.

Accordingly, we find that the trial court, as finder of fact, could have concluded rationally, beyond a reasonable doubt, that the instrument meets the statutory definition of "knuckles." Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.